**Mattie M. STROTTER, Petitioner,**

v.

**SEARS, ROEBUCK AND COMPANY, Own Risk, and Workers' Compensation Court, Respondents.**

No. 63032.

Court of Appeals of Oklahoma, Division No. 4.

March 12, 1985.

Rehearing Denied April 8, 1985.

Released for Publication by Order of the Court of Appeals May 9, 1985.

Mark Alan Shores, Baum & Ralstin, Oklahoma City, for petitioner.

James F. Fellingham, Oklahoma City, for respondents.

BRIGHTMIRE, Presiding Judge.

The sole question here is whether the trial judge correctly applied the statute of limitations provisions of 85 O.S.1981 § 43, in rejecting claimant's motion to reopen an earlier workers' compensation claim due to a change of condition for the worse. The court en banc held he did. We hold he did not and reverse.

## I

Claimant, Mattie Strotter, suffered an on-the-job injury to her left foot on January 15, 1981. She received a Form 14 award for 35% permanent partial disability to the foot on October 15, 1981. On March 8, 1984, some 124 weeks after the initial award she filed an application to reopen, alleging a change of condition for the worse. At trial, the application was supported by competent medical evidence indicating that the condition of her foot had worsened and that she was permanently impaired to the extent of 70%, a percentage convertible into 140 weeks of compensation.

One of the defenses advanced by the self-insured employer, Sears, in the trial court was that the claim was barred by the provisions of 85 O.S.1981 § 43, which read in relevant part:

The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the Court had the condition of claimant existed at the time [the] original award was made thereon and unless filed within said period of time, same shall be forever barred.

The trial court found, following a hearing on May 7, 1984, that claimant had indeed "sustained a change in physical condition for the worse to the left foot," but that her claim for additional compensation was "barred by the statute of limitations" prescribed in 85 O.S.1981 § 43.

The court en banc affirmed the order.

## II

In defense of the Workers' Compensation Court's legal conclusion, Sears contends that section 43 must be construed to

mean that the allowable reopening period begins with the date of injury rather than the date of the initial permanent disability award. The injury date here was January 15, 1981, hence 163 weeks elapsed before the reopening application was filed. Therefore, concludes Sears, since under the evidence the maximum number of awardable weeks is only 140 (70%), subject application was filed 23 weeks too late.

The trouble with Sears' legal theory is, however, that it places a strained and distorted construction on section 43 and one that is incompatible with the syntax of the statute as well as the interpretation of it by our supreme court in *United States Gypsum Co. v. Pendleton,* 340 P.2d 467 (Okla. 1959). The *Pendleton* court stated in its second syllabus that the change of condition limitations period prescribed by section 43 "runs from the date of the determination of existence or nonexistence of permanent disability."

## III

The evidence in this case, under the section 43 limitations formula, gave claimant 140 weeks after October 15, 1981, within which to file her reopening application. And since she filed it 124 weeks after the original award it was an error of law for the Workers' Compensation Court to reject the claim on the grounds it was barred.

Reversed and remanded for further proceedings.

RAPP and STUBBLEFIELD, JJ., concur.